Johnson J.
The legitimate object of all pleading is to compel the party acting to place on the record that state of facts, upon which he depends for the prosecution or defence of his suit, that his adversary may prepare to meet it;'and notwithstanding usage has, in some measure, dispensed with all the technical formalities in notices of discount which are required in declarations and pleas, yet there, is no reason, when we take the object in view, why, to a common intent, they should not contain the specific grounds of defence. ,
In a declaration for the breach of a contract, the plaintiff is required to assign the breach in the words of the contract, either negatively or affirmatively, according to the nature of the contract, or in words which are co-extensive with the import and effect of it, (1 Chitty on Pleading 325;) and if there be more than one covenant in the same indenture, for the same reason the breach should be assigned on as many as have been violated, and for which the plaintiff seeks a recovery.
The notice of discount in this case is general, and charges the plaintiff with a breach of all the covenants contained in the indenture, on which the action is brought, and per- *316 Slaps it would be difficult to-conjecture a case which would more clearly illustrate the necessity of some specification as to the nature of the defence. By this contract the plaintiff agrees to let to the defendant, for a given term, a plantation and some negroes, stock &c. and it contains many recitals and Stipulations, for the breach of any one of which the defendant would have been entitled to maintain an action, and consequently to defend himself in this. And the counsel have, I think, enumerated no less than sixty-eight different breaches Shat the defendant might have assigned on this covenant Now, if the defendant had given notice that he would defend himself on the ground, that the plaintiff had no title in the premises, or that he had held him out of the possession, either would have been conclusive against his right to recover and he might have come prepared to repel it; but without some such specification, it was impossible that he could see on what side the blow was to be struck, and thus be enabled to Ward it off. The court therefore concur in opinion with the presidingjudge, that the admission of evidence under this notice, was calculated to surprise the plaintiff, and that it was therefore properly rejected.
It is contended, however, that under the plea of the general issue, the defendant was at liberty to go into evidence to prove a breach of any of the covenants on the part of the plaintiff, without notice of discount, and the cases of Farrow vs. Mays (1 Nott & M'Cord 312,) and Shelton ads. Exors. Gray (1 M’Cord,470,) have been relied on, in support of this argument But the rule to be deduced from those cases is clearly reconcileable with the case of Bollinger vs. Thurston (2 Rep. Const. Court, 449.) They are indeed nothing more than practical applications of the rule laid down by the court in the case last referred to, and result in the establishment of the rule, that underthe generalissue, in actions arising ex contractu, the defendant may give in evidence any matter which goes to show that the plaintiffnever had any cause of action, as that it was. void for want ofconsideration, or founded on an illegal coaside- *317 radon and therefore void, or that the supposed consideration fiad entirely failed, and such like cases. But where the «e-fence in any way admits that the plaintiff’s cause of action did exist and seeks to avoid it either in part or in the whole, by matter aliunde, he must either plead it, or incases of discount, give notice of it to the plaintiff. On this ground also the evidence, offered by defendant, was properly rejected.
W. R. Davis, for. the motion.
Harrison, contra.
Motion refused.